FALLANG, Appellee,

v.

FALLANG, Appellant.

[Cite as *Fallang v. Fallang* (1996), 109 Ohio App.3d 543.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA95–06–111.

Decided Feb. 26, 1996.

*H.J. Bressler,* for appellee.

*David J. Fallang,* for appellant.

WALSH, Presiding Judge.

This matter is before this court upon the appeal of defendant-appellant, David J. Fallang, from the March 7, 1995 and March 13, 1995 decisions of the Domestic Relations Division of the Butler County Court of Common Pleas, which, respectively, modified his child support obligation and overruled his motion to decrease spousal support payments.

Appellant and plaintiff-appellee, Carole A. Fallang, ended their marriage of twenty years on March 10, 1994, when the trial court entered a final divorce decree. There were four children of the marriage: Kristin, born February 1, 1977; Ragan, born September 4, 1979; Ethan, born February 10, 1984; and Carsen, born June 23, 1985. Under the terms of the divorce decree, appellant was ordered to pay spousal support in the amount of $3,000 per month for one year and $2,000 per month for the next four years. He was also ordered to pay child support in the amount of $2,000 per month.

On December 19, 1994, appellant filed a motion asking the court to recalculate his child support payments to reflect the emancipation of his eldest child, Kristin, on February 1, 1995. Appellant also moved, on January 19, 1995, for a reduction in spousal support based on a change in circumstances. A hearing was held on both motions on January 27, 1995. On March 7, 1995, the trial court issued a decision reducing appellant's child support payments to $1,348.44 per month as of the date of Kristin's emancipation. In a separate decision dated March 13, 1995, the court denied appellant's motion to reduce spousal support. Appellant raises the following assignments of error for review:

Assignment of Error No. 1:

"The trial court's failure to incorporate in its ruling the calculations of child support and the required child support worksheet as required by ORC 3113.21 constitutes reversible error."

Assignment of Error No. 2:

"The trial court's determination of child support includes an error in mathematical computation and thereby constitutes reversible error."

Assignment of Error No. 3:

"The trial court's decision lacks sufficient detail to enable determination of whether the decision is factually or legally correct or fair and equitable and thereby errs to the detriment of the defendant-appellant."

Assignment of Error No. 4:

"The trial court's determination of plaintiff-appellee's income lacks sound factual basis and constitutes an abuse of discretion."

Assignment of Error No. 5:

"The plaintiff-appellee substantially falsified information to the court on Form D.R. 602."

Assignment of Error No. 6:

"Assignment of the defendant-appellant as 'obligor' under an equal shared parenting order constitutes an abuse of discretion and denies the defendant-appellant due process and equal protection under the law and constitutes discrimination based on gender."

Assignment of Error No. 7:

"The court's refusal to reduce or eliminate spousal support in view of a substantial change of circumstances constitutes an abuse of discretion and creates a condition of involuntary servitude."

Assignment of Error No. 8:

"Awarding spousal support in the absence of a finding of need violates Ohio law and is an abuse of discretion."

Appellant's first three assignments of error address the trial court's calculations of child support payments and the absence from the record of a child support computation worksheet; therefore, we will consider them together.

"A child support computation worksheet, required to be used by the trial court in calculating the amount of an obligor's child support obligation in accordance with R.C. 3113.215, must actually be completed and made a part of the trial court's record." *Marker v. Grimm* (1992), 65 Ohio St.3d 139, 601 N.E.2d 496, paragraph one of the syllabus. In addition, we held recently that the trial court must actually complete the child support worksheet and may not adopt a worksheet prepared by any party. (A worksheet prepared by a magistrate and adopted by the court will be deemed to have been completed by the trial court, however.) *In re Krechting* (Jan. 22, 1996), Clermont App. No. CA95–06–038, unreported, at 3, 1996 WL 19292.

In this case, the trial court reduced appellant's child support payments from $2,000 to $1,348.44 per month. However, the method the trial court used to reach this figure is not clear because the record does not contain a completed

child support computation worksheet as required under R.C. 3113.215. Moreover, our calculations appear to support appellant's assertion that a mathematical error has been made.[1] Accordingly, because a child support computation worksheet was not completed by the trial court and included in the record, we sustain appellant's first three assignments of error, reverse the trial court's child support order and remand this action to the trial court for the purpose of completing and filing a child support computation worksheet. Upon remand, the trial court should calculate and award child support in accordance with R.C. 3113.215. Any deviation from the child support guidelines should be supported by findings of fact. R.C. 3113.215(B)(1) and (B)(2)(c).

Appellant's sixth assignment of error also concerns child support; therefore, we will consider it next. Appellant states that the trial court abused its discretion when it designated him as the obligor for child support purposes. Appellant argues that because the parties share parenting equally, naming him as obligor is gender discrimination, and denies him due process and equal protection in violation of his state and federal constitutional rights. We disagree.

We have addressed the issue of appellant's actual child support obligations above. The trial court has considerable discretion in determining support awards and the court's discretion will not be disturbed absent an abuse of discretion. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030–1031. We cannot review the specifics of the child support award until after the trial court completes its computations. However, where a trial court follows the statutory guidelines for calculating child support set forth in R.C. 3113.215, designating one parent—particularly one who earns significantly more than the other—as obligor in a shared parenting situation is not *ipso facto* unconstitutional or an abuse of discretion. Appellant's sixth assignment of error is overruled.

In his fourth assignment of error, appellant argues that the trial court abused its discretion in determining appellee's annual income. A trial court's determination of a party's annual income in a domestic relations case will not be disturbed on appeal without a showing of an abuse of discretion. *Booth,* 44 Ohio St.3d at 144, 541 N.E.2d at 1030–1031; *Blakemore v. Blakemore* (1983), 5 Ohio

---

1. Specifically, the trial court determined that appellant's annual child support obligation should be reduced to $16,181.25 per year. The trial court indicated that this amount represented a twenty-five-percent deviation from the amount owed by appellant according to the child support schedule guidelines. Our calculations show that to reach this figure, the trial court would have to start with a finding that the parties' combined gross income was approximately $117,000. The child support owed for three children with that combined gross income is $21,569, seventy-five percent of which is $16,173.75. However, the trial court determined that the parties' combined gross income was $138,667. This figure appears to bear no obvious relation to the trial court's child support order.

St.3d 217, 218, 5 OBR 481, 482, 450 N.E.2d 1140, 1142; *Fallang v. Fallang* (Apr. 17, 1995), Butler App. No. CA94–04–086, unreported, at 7, 1995 WL 222168.

■ At the January 27, 1995 hearing, appellee testified that her 1994 income from substitute teaching and part-time summer work was $14,502. Appellee offered into evidence a pay stub dated December 17, 1994, showing her year-to-date income from teaching to be $13,968.15. Appellee also testified that she had earned about $500 doing part-time work for her church. Thus, the trial court's determination that appellee's income was approximately $14,500 is supported by competent, credible evidence. See *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578; and *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273. Accordingly, appellant's fourth assignment of error is overruled.

In his fifth, seventh and eighth assignments of error, appellant contests the trial court's denial of his motion to reduce or eliminate spousal support. Because they make essentially the same argument, we will consider them together. In his fifth assignment of error, appellant argues that reporting errors made by appellee on her D.R. 602 form, submitted into evidence at the January 27, 1995 hearing, resulted in a skewed determination by the trial court judge as to the amounts of child support and spousal support appellant should pay. Specifically, appellant argues that appellee failed to include an additional $6,000 in spousal support and $24,000 in child support in the calculation of her total annual income. Appellant also contends that appellee has reported expenses that are "nonsensical" and "patently unbelievable." Appellant's seventh and eighth assignments of error state that the trial court abused its discretion by deciding not to reduce or eliminate his spousal support payments because, appellant alleges, there was a change in circumstances and because appellee no longer has a financial need for spousal support. These assignments of error are not well taken.

■ We note initially that at the hearing on appellant's motion to modify support payments, both parties agreed to address only income and not expenses. Consequently, we will not consider appellant's arguments concerning appellee's allegedly inflated expenses since that issue was not before the trial court. In addition, we addressed the question of appellee's income in our response to the fourth assignment of error.

■ A modification of spousal support can be ordered only after the trial court determines that the circumstances of the parties have changed. R.C. 3105.18(E). A change in circumstances "includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F). If the moving party establishes that a change in circumstances has occurred, the trial court must deter-

mine the amount of spousal support that is appropriate and reasonable.[2] R.C. 3105.18(C)(1). To do so, the trial court must consider the factors set forth under R.C. 3105.18(C)(1). *Speed v. Speed* (July 3, 1995), Butler App. No. CA94–10–193, unreported, 1995 WL 389675. However, when a party does not request that the trial court make findings of fact and conclusions of law under Civ.R. 52, the reviewing court will presume that the trial court considered all the factors and all other relevant facts. *Id.* Moreover, a reviewing court may not disturb the trial court's decision absent an abuse of discretion. *Blakemore*, 5 Ohio St.3d at 218, 5 OBR at 482, 450 N.E.2d at 1142. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Id.* at 219, 5 OBR at 482, 450 N.E.2d at 1142.

■ The trial court found that appellant earns $124,167 per year, and appellee, $14,500 per year. Our review of the record reveals that the trial court did not abuse its discretion in making this determination. Moreover, although appellant's income may have decreased and appellee's increased since the time of the divorce, a substantial gap continues to exist between the incomes of the two parties and that difference weighs heavily against reducing appellant's spousal support payments. Accordingly, we find that the spousal support award that currently exists is reasonable and appropriate and we find no abuse of discretion in the trial court's decision not to modify appellant's spousal support obligations. Appellant's fifth, seventh and eighth assignments of errors are overruled.

Judgment affirmed in part, reversed in part and remanded for further proceedings.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

WILLIAM W. YOUNG and POWELL, JJ., concur.

---

**2.** Appellant argues that appellee no longer needs the amount of spousal support she receives. However, the statutory standard for awarding spousal support, although formerly based on need, was modified effective April 11, 1991, to the broader "appropriate and reasonable" standard. See R.C. 3105.18(C)(1); *Purden v. Purden* (June 7, 1994), Franklin App. No. 93APF10–1428, unreported, 1994 WL 242523.