OPINION
Appellant, Thomas Moss, appeals the judgment of the Allen County Court of Common Pleas, Domestic Relations Division, which modified the earlier spousal support award in favor of appellee, Lounetta Moss.
On December 7, 1995, the trial court entered a judgment entry for legal separation which incorporated an agreement of the parties. Under the terms of the agreement, appellant would pay spousal support to appellee in the amount of $2,000 per month plus poundage for a period of eight years. Thereafter, in June 1999, the parties were divorced via a judgment entry filed in Allen C.P. Case No. DR98 12 0686.
On August 10, 1999, appellant filed a motion to terminate spousal support based on his impending retirement (on October 1, 1999). A hearing on appellant's motion was held before the magistrate on November 4, 1999. Following the hearing, the magistrate's decision denied appellant's motion to terminate spousal support. Appellant objected to the magistrate's decision. On February 28, 2000, the trial court issued its order modifying the magistrate's decision on the issue of spousal support. The court found that a substantial change in the circumstances had occurred. After it considered the factors listed in R.C. 3105.18(C)(1) to determine what spousal support is appropriate and reasonable, the court entered a judgment which modified the spousal support to $1,000 per month payable to November 15, 2005.
Appellant now appeals and raises the following two assignments of error:
 The trial court's refusal to terminate spousal support and to grant only a $1000.00 reduction in appellant's spousal support, pursuant to R.C. 3105.18 was most clearly an abuse of discretion and did not take into account the ability of the appellant to pay the amount of $1000.00 per month.
 The trial court abused its discretion by ordering a two (2) year extension of spousal support to the appellee.
R.C. 3105.18(E) allows a court to modify the amount or terms of the spousal support award if the circumstances of the parties change and:
 In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of * * * spousal support.
In their agreement, the parties gave the trial court continuing jurisdiction on all matters pertaining to the issue of spousal support. The court therefore had jurisdiction over the issue of spousal support as to the amount and the term (duration).
Appellant maintains in his first assignment of error that the trial court abused its discretion when it granted only a $1,000 reduction in his monthly spousal support obligation because of his monthly negative cash flow situation after paying that amount of spousal support. Appellant suggests that the reduction in his spousal support obligation should have reflected the fact that his income has been decreased by sixty-five percent, which would amount to an award of spousal support of $700 per month. It is argued under appellant's second assignment of error that the trial court's two-year extension of the spousal support award beyond the original period was an abuse of discretion.
Having determined that there was a substantial change in circumstances, the trial court must reexamine the R.C. 3105.18(C)(1) factors to determine what spousal support is appropriate and reasonable. See Joseph v. Joseph (1997), 122 Ohio App.3d 734, 738; Fallang v.Fallang (1996), 109 Ohio App.3d 543, 548-49. Among these factors are the income of the parties, the relative earning abilities of the parties, the ages and the physical, mental, and emotional conditions of the parties, and the relative extent of education of the parties. R.C. 3105.18(C)(1). This court reviews a spousal support modification order for an abuse of discretion. See Booth v. Booth (1989), 44 Ohio St.3d 142, 144.
In this case, the parties were first married in 1959 and divorced in 1972. They lived in a common law marriage since 1974 until they legally separated in December 1995. When spousal support of $2,000 per month was set in 1995, appellant's yearly income from General Motors was approximately $70,000. On September 30, 1999, at the age of sixty-two, appellant retired from General Motors after thirty-five years of employment.
The trial court found that appellant's current monthly gross income from General Motors pension benefits is $957 and $1,178 in Social Security benefits, as substantiated by documents in the record. Appellee's monthly income totaled $561.64 from appellant's pension benefits and she had also earned $200 doing sewing. However, the trial court also found that the current earning abilities of the parties are curtailed because of the age and capacity of each party. Appellee is fifty-six years of age and has been unable to obtain her GED. She suffers from arthritis which has limited her ability to obtain employment.
Excluding any spousal support, appellant's monthly gross income is nearly one thousand dollars more than his monthly expenses. Meanwhile, appellee's monthly income leaves her substantially short of her stated monthly expenses, $2,067. The trial court's modified spousal support order appears to set a figure commensurate with both the appellee's need for support and the appellant's ability to pay. See Moore v. Moore (June 18, 1999), Van Wert App. No. 15-98-22, unreported, 1999 WL 446428. Moreover, in light of the appellee's lack of income, appellant's support obligation need not necessarily be reduced by the same percentage as his income was reduced. Considering the totality of the circumstances, we find no abuse of discretion in the amount of support ordered by the trial court. Furthermore, in this instance, we cannot say that the court abused its discretion in extending the duration of spousal support for two additional years. At the end of this period, appellee will have attained the age of sixty-two and would be eligible for social security.
We therefore overrule appellant's assignments of error and we affirm the judgment of the trial court.
 ______________________ SHAW, J.
HADLEY, P.J. and BRYANT, concur.