Defendant-appellant, Thomas Schreiber, appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, modifying his child support obligation. The judgment of the trial court is affirmed.
Appellant and Debbie Darling were divorced in Hamilton County in 1998. Debbie was awarded custody of four of the parties' children and appellant was granted custody of one child, Joshua. Appellant was ordered to pay guideline child support of $692.03 per month to Debbie.
Not long thereafter, the parties' five children were adjudicated dependent, and Joshua was adjudicated dependent and abused. Joshua was placed in the temporary custody of Butler County Children Services Board ("BCCSB") while Debbie retained custody of the other four children. Appellant was ordered to pay child support of $250.00 per month to BCCSB for Joshua. Debbie subsequently filed a motion requesting that appellant's child support obligation be reviewed.
A hearing on the child support issue was held on January 3, 2000. The trial court found that a change of circumstances had occurred which warranted a modification of appellant's child support obligation. The trial court ordered that appellant pay $192.63 per month, the guideline support amount, for the support of Joshua. The trial court then made an upward deviation from the child support guidelines and ordered appellant to pay $1,100 per month for the support of the four children in Debbie's care. Appellant appeals raising a single assignment of error.
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT ORDERED AN UPWARD DEVIATION FROM THE CHILD SUPPORT GUIDELINES.
A trial court's modification of a child support order will not be reversed absent an abuse of discretion. Fallang v. Fallang (1996),109 Ohio App.3d 543, 547, citing Booth v. Booth (1989), 44 Ohio St.3d 142. More than an error in law or judgment, an abuse of discretion implies that the trial court's decision is "unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
R.C. 3113.215(B)(1) requires that a trial court calculate the amount of an obligor's child support obligation in accordance with the child support guidelines set forth in R.C. 3113.215. The amount calculated using the guidelines is rebuttably presumed to be the correct amount of child support. R.C. 3113.215(B)(1). A trial court cannot deviate from the child support guidelines unless (1) the court makes a factual determination, after considering the statutory criteria in R.C.3113.215(B)(3), that the amount calculated according to the guidelines would be unjust or inappropriate and not in the best interest of the child; and (2) the court makes an actual entry in the journal of factual findings that support the determination. R.C. 3113.215(B)(1); Marker v.Grimm (1992), 65 Ohio St.3d 139, paragraph three of the syllabus.
The parties stipulated that Debbie earns $7,000 yearly, and that appellant earns $39,700 yearly and incurs a yearly expense of $1,716 for health insurance. Using these figures, the parties stipulated that appellant's guideline child support obligation is $196.83 per month per child, or $787.32 per month for the four children in Debbie's custody.
The trial court properly completed a child support worksheet which was incorporated into its decision. However, the trial court determined that appellant's guideline support obligation was unjust, inappropriate, and not in the best interests of the children. The trial court made specific findings of fact regarding the factors of R.C. 3113.215(B) which it found supported an upward deviation in appellant's child support obligation.
The trial court first considered that the four children in Debbie's custody have special needs as a result of the emotional and physical abuse they have endured. See R.C. 3113.215(B)(3)(a). The children now require weekly counseling sessions. The appointments limit Debbie's ability to earn a greater income as she must have a flexible work schedule. However, Debbie is able to limit her childcare expense since she works for a daycare facility which allows her children to attend free of charge.
The trial court next noted the disparity in income between the parties which remains even after the payment of guideline child support. See R.C. 3113.215(B)(3)(g). Without a deviation, Debbie's gross household income would be $18,670.05 per year for herself and four children, while appellant's gross household income would be $27,095.95 for himself alone.
The trial court noted that appellant benefits from lowered living expenses by living with his parents. See R.C. 3113.215(B)(3)(h). Finally, the trial court examined the relative financial resources and assets of the parties and found that appellant receives yearly bonuses and stock options. See R.C. 3113.215(B)(3)(k). All of the trial court's findings were based upon the uncontroverted testimony of the parties.
The trial court made findings of fact as required by R.C. 3113.215(B) to support its deviation from the guideline amount. These findings are supported by the record. Accordingly, we find no abuse of discretion by the trial court and overrule the assignment of error.
 ____________________________ POWELL, P.J.
YOUNG and VALEN, JJ., concur.