Plaintiff-appellant Kathy Weaver appeals from the March 27, 2000, Journal Entry of the Knox County Court of Common Pleas, Juvenile Division.
 STATEMENT OF THE FACTS AND CASE
Jordan Inman, who was born on January 28, 1991, is the minor child of appellant Kathy Weaver and appellee Keith Inman. The litigation between these parties appears to have originated with proceedings in Arizona which resulted in custody orders. Subsequently, pleadings were filed in Franklin County, Ohio, and then in Knox County, Ohio. On April 25, 1997, appellant filed a motion in Knox County, Ohio, requesting the termination of the Shared Parenting Plan, establishing appellant as residential parent and establishing child support, visitation rights and others "miscellaneous matters". On March 23, 1998, after protracted litigation in the case sub judice concerning Jordan Inman, the parties entered into an Agreed Order. Pursuant to the terms of the Agreed Order, which was signed by both parties, appellant Kathy Weaver was designated Jordan's residential parent and legal custodian for all purposes. The parties further agreed that while appellant would have physical and legal custody of Jordan, appellee would be entitled to companionship. The Agreed Order also provided, in part, as follows: "Neither party shall pay any sum as and for child support. However, in lieu of support, Father [appellee] agrees to fund an irrevocable trust for the benefit of the minor child in the amount of two hundred and 00/100 dollars ($200.00) per month. The trust shall be held for the benefit of the minor child to fund post high school education or in the event that the child does not attend post high school education all sums contained in the trust shall be paid to the minor child upon his turning twenty-one (21) years of age."
As memorialized in the Agreed Order, appellant also agreed to waive all claims for past and future support on behalf of the minor child. No child support worksheet was attached to the March 23, 1998, Agreed Order. Subsequently, appellant, on August 25, 1999, filed a motion seeking modification of the March 23, 1998, Agreed Order. Appellant, in her motion, specifically alleged, in part, that appellee had failed "in a year and a half, after repeated requests, to set up an Irrevocable Trust Fund as provided in said Court Order" and that the proposed adoption of Jordan had not materialized. In addition to requesting that the trial court "set up guideline child support", appellant sought retroactive child support to March 23, 1998, medical benefits for Jordan, attorney fees, and costs. Thereafter, a hearing was held before a Magistrate on November 10, 1999, on appellant's August 25, 1999, motion. While appellant filed a brief on November 10, 1999, appellee filed a post-hearing brief on November 22, 1999. A reply brief was filed by appellant on November 30, 1999. The Magistrate, pursuant to a decision filed on January 13, 2000, recommended that appellee pay the sum of $573.63 per month, plus a processing charge of two percent, for a total of $585.10 per month as child support effective August 25, 1999. The Magistrate also recommended that appellee pay appellant "the sum of $3,600.00, being payments of $200.00 per month from March, 1998, through August, 1999, ordered pursuant to the March 23, 1998, Agreed Order filed herein, within thirty (30) days of the date of filing. The foregoing amount constitutes support for the minor child of the parties in accordance with the terms of the foregoing Agreed Order." A copy of a Child Support worksheet was attached to the Magistrate's Decision. After appellant requested findings of fact and conclusions of law, an Amended Magistrate's Decision including the same was filed on February 25, 2000. Pursuant to a signed Journal Entry attached to the Amended Magistrate's Decision, the trial court adopted the Magistrate's Decision and entered judgment thereon. Objections to the Magistrate's Decision were then filed by appellant on March 9, 2000. Appellant, in her objections, argued that the March 23, 1998, Agreed Order did not comply with Ohio law since it did not include a child support worksheet and that the Magistrate, when calculating child support, failed to use appellee's W-2 for income tax calculation and, instead, improperly used appellee's income tax return. The trial court, pursuant to a Journal Entry filed on March 27, 2000, overruled appellant's objections, finding that there was no error of law or fact contained in the Amended Magistrate's Decision. It is from the trial court's March 27, 2000, Journal Entry that appellant now prosecutes her appeal, raising the following assignments of error:
 I. THE TRIAL COURT'S FAILURE TO INCORPORATE IN IT'S (SIC) RULING OF MARCH 23, 1998, THE CALCULATIONS OF CHILD SUPPORT AND A REQUIRED CHILD SUPPORT WORKSHEET, AS REQUIRED BY THE OHIO REVISED CODE SECTION 3113.215, CONSTITUTES REVERSIBLE ERROR.
 II. IN THE TRIAL COURT'S AMENDED MAGISTRATE'S DECISION OF FEBRUARY 25, 2000, THE DETERMINATION OF CHILD SUPPORT INCLUDES AN ERROR IN MATHEMATICAL COMPUTATION AND THEREBY CONSTITUTES REVERSIBLE ERROR.
 III. THE TRIAL COURT ERRED IN IT'S (SIC) DECISION OF FEBRUARY 25, 2000 WHEN IT STATED IN ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW THAT THE PARTIES AGREED TO CHILD SUPPORT IN THE AMOUNT OF $200.00 PER MONTH FROM MARCH 23, 1998 TO AUGUST 25, 1999.
 IV. THE TRIAL COURT'S DECISION OF FEBRUARY 25, 2000, WHEN IT STATED ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW THAT THE PASSAGE OF TIME PREVENTED THE COURT FROM ORDERING RETROACTIVE GUIDELINE CHILD SUPPORT, CONSTITUTES REVERSIBLE ERROR.
 V. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DID NOT CONSIDER THE NEEDS OF THE MINOR CHILD AND ISSUED NO FINDINGS OF FACT OR CONCLUSIONS OF LAW TO SUPPORT ITS DEVIATION FROM GUIDELINE CHILD SUPPORT.
 VI. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT STATED THAT THIS CASE WAS A CHILD SUPPORT MODIFICATION DATING BACK TO AUGUST 25, 1999, WHEN IT ORDERED CHILD SUPPORT RETROACTIVE TO AUGUST 23, 1998.
 I
Appellant, in her first assignment of error, argues that the trial court committed reversible error in failing to include a child support worksheet with the March 23, 1998, Agreed Order. The Ohio Supreme Court, in Marker v. Grimm (1992), 65 Ohio St.3d 139, held that a "child support computation worksheet required to be used by a trial court in calculating the amount of an obligor's child support obligation in accordance with R.C. 3113.215 must actually be completed and made a part of the trial court's record." Id. at 142. The Ohio Supreme Court in Marker also held that any court-ordered deviation from the applicable worksheet and basic child support schedule must include findings of fact supporting the deviation. A court's failure to incorporate in its ruling the required child support computation worksheet constitutes reversible error. See, for example, Fallang v. Fallang (1996), 109 Ohio App.3d 543. In the case sub judice, no child support computation worksheet was attached to the March 23, 1998, Agreed Order. However, this court is unaware of any case law holding that a trial court's failure to attach a child support computation worksheet to its order is jurisdictional. The trial court, therefore, had jurisdiction to issue its March 23, 1998, order. Since appellant did not timely appeal from the same, appellant has waived her right to appeal the trial court's failure to include a child support computation worksheet with the March 23, 1998, Agreed Order. As the Magistrate noted in his Amended Decision, "[a]pproximately a year and a half passed prior to the filing of the Motion to Modify Child Support. Any deficiencies in the agreed order, with regard to the issue of child support, are waived by . . . Ms. Weaver's [appellant's] failure to object or seek relief in a timely manner." Appellant's first assignment of error is, therefore, overruled.
 II
Appellant, in her second assignment of error, argues that the February 25, 2000, Amended Magistrate's Decision contains a mathematical error in computing child support. According to appellant, "[t]he trial Court ERRED to the prejudice of the Appellant and the Minor Child when it calculated On-going Child Support using the Father's [appellee's] 1998 net income and the Mother's [appellant's] 1999 gross income." Appellant further contends that the trial court should have used appellee's W-2s. The standard of review of an appellate court in a domestic relations matter concerning child support is abuse of discretion. Booth v. Booth (1989),44 Ohio St.3d 142, 144. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the cases sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. Upon our review of the record in this matter, we find that the trial court did not abuse its discretion in calculating child support. At the November 10, 1999, hearing in this matter, appellee provided the trial court with his 1996, 1997, and 1998 tax returns. Appellee's 1998 federal income tax return lists appellee's gross income from employment as $53,530.00. Appellant, in turn, provided the trial court with her 1998 federal income tax return, showing total income from employment of $16,977.00, as well as pay stubs for the periods ending August 7, 1999, and August 21, 1999, that indicate that appellant earns $10.71 per hour. Using appellee's 1998 gross income from employment of $53,530.00 and appellant's 1999 gross employment income of $22,277.00 ($10.71 X 40 hours per week x 52 weeks), the court calculated appellee's child support obligation as $585.10, including the 2% processing charge. Based on the foregoing, we find, that the trial court did not abuse its discretion in calculating child support. Such decision, which was based on the evidence before the court, was not arbitrary, unreasonable or unconscionable.
 III
Appellant, in her third assignment of error, contends that the trial court erred when, in its February 25, 2000, Amended Decision, it stated in its findings of fact and conclusions of law that the parties agreed to child support in the amount of $200.00 per month for the period from March 23, 1998, to August 25, 1999. As is stated above, the parties' March 23, 1998, Agreed Order states, in part, as follows: "Neither party shall pay any sum as and for child support. However, in lieu of support, Father [appellee] agrees to fund an irrevocable trust for the benefit of the minor child in the amount of two hundred and 00/100 dollars ($200.00) per month. The trust shall be held for the benefit of the minor child to fund post high school education or in the event that the child does not attend post high school education all sums contained in the trust shall be paid to the minor child upon his turning twenty-one (21) years of age." (Emphasis added.)
Contrary to appellant's assertion, the Magistrate, in his February 25, 2000, Amended Decision that was adopted by the trial court, did not state that the parties agreed to child support in the amount of $200.00 per month from March 23, 1998 to August 25, 1999. Rather, the Magistrate, in such decision, clearly states in his Findings of Fact that the "parties agreed to the payment of $200.00 per month to an irrevocable trust for the benefit of the minor child in lieu of an order of child support . . ." (Emphasis added). Based on the evidence presented at the November 10, 1999, hearing establishing that appellee had failed to make such payments, the Amended Magistrate's Decision further provides that appellee "shall pay Kathy J. Weaver [appellant] the sum of $3600.00, being payments of $200.00 per month from March, 1998, through August, 1999, ordered pursuant to the March 23, 1998, Agreed Order. . . . The foregoing amount constitutes support for the minor child of the parties in accordance with the terms of the foregoing Agreed Order." (Emphasis added) Thus, contrary to appellant's argument, we find that the trial court did not state in its February 25, 2000, decision that the $200.00 per month constituted child support. Rather, the trial court clearly indicated the $200.00 per month was in lieu of child support. Appellant's third assignment of error, therefore, lacks merit. Accordingly, appellant's third assignment of error is overruled.
 IV
Appellant, in her fourth assignment of error, challenges the trial court's denial of her request for retroactive child support. Appellant, in her August 25, 1999, motion, had sought retroactive child support to March 23, 1998, the date of the Agreed Order, based on appellee's failure to set up an irrevocable trust as provided in such order and based on the fact that the proposed adoption of the parties' minor child had not materialized. R.C. 2151.23(A)(2) provides that the juvenile court has exclusive original jurisdiction, subject to division (V) of Section 2301.03
of the Revised Code, to determine the custody of any child not a ward of another court of this state. This section appears to be the section under which the juvenile court in the case sub judice assumed jurisdiction. R.C. 2151.23(F)(2) states that the juvenile court shall exercise its jurisdiction in child support matters in accordance with section 3109.05
of the Revised Code. The Ohio Supreme Court in Meyer v. Meyer (1985),17 Ohio St.3d 222 dealt with R.C. 3109.05 in determining whether the mother of a child could be awarded child support retroactively to the date upon which she received custody of the child. In Meyer, the mother did not file a motion requesting said support until over two years after being awarded custody. The Ohio Supreme Court ruled that the support order could not be made retroactive to the date of the custody award. The Ohio Supreme Court stated that retroactive orders would not give ample notice to the supporting spouse to prepare his or her finances. Meyer, pg. 224. In addition, we find that the doctrine of res judicata has application here. The child support issue was before the trial court when the parties entered into an agreement on March 23, 1998. That issue was dealt with and was not appealed. Therefore, we find that it would have been error for the trial court to grant a child support modification for any date prior to the filing of the August 25, 1999, motion requesting same. We find that the trial court did not err in declining to award appellant child support retroactive to the parties' March 23, 1998, agreed order. Appellant's fourth assignment of error is, therefore, overruled.
 V
In her fifth assignment of error, appellant argues that the trial court committed reversible error when it did not consider the needs of the minor child and failed to issue findings of fact and conclusions of law to support a deviation from the child support guidelines. As is stated above, pursuant to Marker, supra, any court-ordered deviation from the applicable worksheet and basic child support schedule must include findings of fact supporting the deviation. Our review of the child support computation sheet attached to the original Magistrate's decision clearly establishes that the Magistrate did not deviate from the child support guidelines. Rather, the trial court, in computing child support, utilized appellant's 1998 taxable income from employment and appellee's taxable income from employment without any deviations. Since there were no deviations from the child support guidelines, the trial court was not required to issue findings of fact supporting the same. See Marker, supra. Appellant's fifth assignment of error is, therefore, overruled. VI Appellant, in her sixth and final assignment of error, argues that the trial court erred "when it stated that this case was a Child Support modification dating back to August 25, 1999, when it ordered Child Support Retroactive to March 23, 1998." In the February 25, 2000, Amended Magistrate's Decision that was adopted by the trial court, appellee was ordered to pay a total of $585.10 per moth in child support, including the 2% processing charge, effective August 25, 1999, which is the date that appellant's motion for modification was filed. Contrary to appellant's argument, nowhere in the trial court's February 25, 2000, decision does the trial court grant a "Retroactive Child Support Deviation from March 23, 1998, to August 25, 1999." Rather, the trial court, in such order, ordered appellee to pay appellant a total of $3,600.00, "being payments of $200.00 per month from March, 1998, through August, 1999, ordered pursuant to the March 23, 1998, Agreed Order . . ." The $200.00 per month clearly represents the money that appellee was to pay into an irrevocable trust in lieu of child support, but failed to pay, as opposed to actual child support. Appellant's sixth assignment of error is, therefore, overruled.
The judgment of the Knox County Court of Common Pleas, Juvenile Division is affirmed.
Edwards, J. Hoffman, P.J. and Milligan, V.J. concur