OPINION
{¶ 1} William Clark, plaintiff-appellant, appeals a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, rendered August 23, 2002.
 {¶ 2} Appellant filed his complaint for divorce against Lavon (Ronetta) Clark, defendant-appellee, on October 25, 2000. Appellee filed motions for attorney fees on October 10 and October 31, 2001, claiming that appellant had caused her to incur additional attorney fees as a result of discovery problems. On February 21 and May 23, 2002, hearings were held to take evidence on the issues of attorney fees, spousal support, and court costs. All other issues were addressed and agreed to by the parties in a divorce settlement memorandum. On August 23, 2002, the trial court issued a decision and entry denying appellee's request for spousal support and ordering appellant to pay $3,000 of appellee's $8,641.23 in attorney fees, which was attributable to the delay in the case caused by appellant and incurred incident to trial, as well as one-half of appellee's remaining $5,641.23 in attorney fees. Appellant appeals the trial court's judgment, asserting the following assignment of error:
 {¶ 3} "The trial court erred to the prejudice of the appellant by ordering him to pay attorney's fees to appellee without a sufficient factual basis for the award."
 {¶ 4} Appellant argues in his sole assignment of error the trial court erred in ordering him to pay attorney fees to appellee without a sufficient factual basis. Specifically, appellant takes issue only with the trial court's award of $3,000 for the claimed delays he caused during litigation. Appellant asserts the trial court did not explain how the court calculated the $3,000, and there was no evidence as to how much time appellee's attorney expended as a direct result of the delays. In sum, appellant contends that the trial court "plucked the figure of $3,000 out of thin air" without any specific findings.
 {¶ 5} The decision of whether or not to award attorney fees in a divorce action is within the sound discretion of the trial court. Rand v. Rand (1985), 18 Ohio St.3d 356, 359. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. R.C. 3105.18(H) provides, in relevant part:
 {¶ 6} "In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal * * * if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees."
 {¶ 7} In the present case, the trial court made the findings required by R.C. 3105.18(H) based upon the evidence presented at the hearings. Appellee testified that she did not have the ability to pay her attorney fees and could not borrow the funds to pay these fees. There was also evidence demonstrating that appellant earned substantially more income than appellee, who is retired and works only part-time. Appellee also submitted a fee statement from her attorney indicating she incurred $12,263.50 in legal fees, at the rate of $60 to $175 per hour, plus $977.73 in expenses and costs. As of February 20, 2002, appellee had an outstanding balance of $8,641.23. An expert testified on behalf of appellee that the fees incurred by her were reasonable and necessary. Further, the trial court detailed the numerous delays caused by appellant, which caused appellee to incur additional attorney fees. The trial court concluded that appellee would have been prevented from fully litigating her rights and adequately protecting her interests if it did not award reasonable attorney fees to her.
 {¶ 8} The crux of appellant's argument is basically that the trial court's findings were not specific enough. However, appellant failed to file a motion for findings of fact and conclusions of law pursuant to Civ.R. 52. The only request for findings of fact and conclusions of law filed by appellant was with regard to the hearing conducted on January 29, 2002, which related solely to the issue of duration of the marriage. In his January 30, 2002 request for findings of fact and conclusions of law, appellant specifically moved for findings and conclusions only with regard to the January 29, 2002 hearing. Civ.R. 52 provides that "judgment may be general for the prevailing party unless one of the parties in writing requests otherwise." The failure to file a timely request for findings of fact and conclusions of law waives the right to challenge the trial court's lack of explicit findings with respect to an issue. See Pawlus v. Bartrug (1996), 109 Ohio App.3d 796, 801; In re Barnhart, Athens App. No. 02CA20, 2002-Ohio-6023, at ¶ 23; Fairlawn Landscape Supply v. Cook (Oct. 24, 2001), Summit App. No. 20547; Wangugi v. Wangugi (Apr. 12, 2000), Ross App. No. 2531; and Ruby v. Ruby (Aug. 11, 1999), Coshocton App. No. 99-CA-4. Further, "when a party does not request that the trial court make findings of fact and conclusions of law under Civ.R. 52, the reviewing court will presume that the trial court considered all the factors and all other relevant facts." Fallang v. Fallang (1996), 109 Ohio App.3d 543, 549. Therefore, appellant may not now argue that the trial court's findings were not specific enough. Our review of the record and trial testimony, as outlined above, reveals competent, credible evidence to support the trial court's award of attorney fees in the amount of $3,000. We cannot find that the trial court abused its discretion. Therefore, appellant's single assignment of error is overruled.
 {¶ 9} Accordingly, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
LAZARUS and BRYANT, JJ., concur.