{¶ 11} I respectfully dissent because I believe the trial court "short-circuited" the proper analysis for determining whether a modification of spousal support was reasonable and appropriate. In essence, the court looked only at the appellant's income and determined since the reduction was "voluntary," that the amount currently received by the appellee was reasonable and appropriate.
 {¶ 12} As the parties and the majority note, the analysis for a modification in spousal support starts with the threshold inquiry involving the court's jurisdiction to consider a change. First, the court must have retained jurisdiction, which is not an issue here. R.C. 3105.18(B) next premises the ability to consider a change upon the existence of a change of circumstances. R.C.3105.18(F) indicates that a change of circumstance includes,but is not limited to, an involuntary decrease in a party's income. Clearly, the statutes contemplate other factors qualifying as a change of circumstances. In this case, appellant got remarried to a woman who lived in another area and had two minor children with established familial and school situations. As a result, the appellant chose to move because his new wife was not comfortable uprooting her family. While this was clearly a voluntary decision on appellant's part, it also amounts to a substantial change in circumstances and forms the basis for the trial court's jurisdiction to consider the merits of the appellant's motion.
 {¶ 13} Because the appellant clearly met the jurisdictional threshold for consideration of his motion, the court should have taken the next step in the process, which is the application of R.C. 3105.18(C)(1) to determine if the current amount of spousal support is appropriate and reasonable. See Fallang v. Fallang
(1996), 109 Ohio App.3d 543.
 {¶ 14} Here it appears the court unnecessarily limited the jurisdictional inquiry to the question of an involuntary decrease in income. It ignored the other facts supporting the existence of a change in circumstances. It also apparently resolved the merits of the motion solely on the issue of the involuntary decrease, rather than looking at all the factors that are relevant.
 {¶ 15} Because the court applied the wrong analysis, I conclude it abused its discretion.