PAWLUS, Appellee,

v.

BARTRUG et al., Appellants.

[Cite as *Pawlus v. Bartrug* (1996), 109 Ohio App.3d 796.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 95CA006116.

Decided March 13, 1996.

*John Lasko, Jr.,* for appellee.

*Richard Smith,* for appellants.

SLABY, Judge.

Appellants, Paul Bartrug, Barbara Solomon and Hickory Ridge Farms, Inc., appeal from the judgment that was entered against them after a bench trial before the Lorain County Court of Common Pleas. We reverse and enter judgment.

This case arose out of a "handshake agreement" that was negotiated by Edward A. Pawlus, the appellee, and appellant Paul Bartrug in regard to raising hay on a farm owned by appellant Barbara Solomon. The farming operation was incorporated as Hickory Ridge Farms, Inc. Paul was the president of the corporation, and Barbara was the secretary. Each owned fifty percent of the stock. In April 1990, Edward, Paul and Barbara met around the dining room table at the farm to discuss growing hay and running hayrides. Barbara left the room and allowed Edward and Paul to reach an agreement. It was agreed that Edward would provide the labor and the necessary equipment, seed and fertilizer to grow the hay. Barbara would provide the land and storage space, and Paul would help cut and haul the hay into the barn. The parties dispute the amount of consideration owed to Edward under the agreement.

Edward purchased a tractor, wagon, seed and various other items needed for the operation. In 1990, 1991 and 1992, Edward and the appellants raised hay, which was either consumed on the farm or sold. In 1991, Barbara wrote a check to Edward for $764.50, which represented fifty percent of the profits from the sale of hay in 1991. Hickory Ridge Farms' 1991 corporate tax return reflected an expense of $765 for casual labor. Edward received no other compensation from the appellants under the agreement.

During 1990, Edward also helped out around the farm by clearing hayride trails, driving the hayrides, and doing general maintenance and repairs on the farm. In April 1991, Barbara and Paul allegedly agreed to pay Edward $500 per

month to continue to perform labor on the farm. These arrangements continued through December 1992. The appellants also used Edward's equipment for other purposes besides the hay-farming operation during this time. Edward received no compensation for his labor or the use of his equipment during the three-year period.

Edward filed suit against the appellants. After a trial to the bench, the trial court granted judgment in favor of Edward for $17,492.90. Of that total amount, $2,492.90 represented Edward's share for the hay produced over the three-year period; $15,000, or $500 per month, compensated Edward for his labor and the use of his equipment over the three-year period.[1] The appellants assign two errors on appeal from that judgment.

### Assignment of Error No. I

"The judgment of the trial court in awarding to [Edward] $15,000 for the use of his equipment and for labor performed during the thirty-month period from May 1990 [to] December 1992, under an alleged oral agreement, is against the manifest weight of the evidence."

Because the trial court's allotment of $500 per month for labor and equipment usage from April 1990 through December 1992 did not coincide with either Edward's testimony at trial or his answers to interrogatories, the appellants argue that the court's decision was against the manifest weight of the evidence. Appellants' assignment of error is premised upon the assumption that Edward's recovery was only for breach of contract. We note that he also pursued recovery on other theories, including unjust enrichment and *quantum meruit*.

" 'Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.' " *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 411, 461 N.E.2d 1273, 1276, quoting *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. The appellate court must be guided by a presumption of correctness and cannot substitute its judgment for that of the trial court on findings of fact that are supported by some evidence. See *Seasons Coal Co.*, 10 Ohio St.3d at 80, 10 OBR at 411, 461 N.E.2d at 1276. We find in the instant case that it is necessary to reverse the trial court's judgment because Edward's right to a portion of the award is not supported by any evidence.

---

1. The trial court specifically found that Edward was "entitled to $500 per month for the thirty-month period of May 1990 through December 1992 for labor including the use of equipment." The court deducted two months of payments for January and February 1992 when Edward admittedly did not work because of a broken leg.

The trial court explicitly found that Edward and Paul had an agreement that began in April 1990 and ended in May 1992. The testimony regarding the April 1990 agreement indicated that that agreement concerned only hay production on the farm. Edward testified that in April 1991, however, the parties again got together, and he was told that he would be paid $500 per month as compensation for his general labor. Thus, there was competent, credible evidence to support the judgment that represented a $500 payment per month from April 1991 through December 1992.

It does not appear that there was any agreement for general labor provided in 1990 or for the use of the equipment outside the hay-farming operation at any time. There was testimony about an agreement that Edward should be paid for driving at the hayrides in 1990. Edward testified that he was to earn $15 per ride; Paul testified that Edward was to earn $10 per ride. Because the farm was just getting started, Edward did not accept payment for the hayrides. This evidence does not support the judgment for $500 per month from May 1990 through March 1991 under a breach of contract theory.

Nor was there an evidentiary basis for Edward's claims based upon unjust enrichment or *quantum meruit* for that period of time. These doctrines give rise to obligations imposed by law, irrespective of the intentions of the parties, in order to prevent an injustice when one party retains a benefit from another's labors. *Sykes Constr. Co., Inc. v. Martell* (Jan. 8, 1992), Summit App. Nos. 15034 and 15038, unreported, at 9–10, 1992 WL 2919; see, also, *Rice v. Wheeling Dollar Sav. & Trust Co.* (1951), 155 Ohio St. 391, 397, 44 O.O. 374, 376–377, 99 N.E.2d 301, 304, quoting *Hummel v. Hummel* (1938), 133 Ohio St. 520, 525, 11 O.O. 221, 223, 14 N.E.2d 923, 925–926. The doctrines are inapplicable if an express agreement existed concerning the services for which compensation is sought; the parameters of the agreement limit the parties' recovery, in the absence of bad faith, fraud or illegality. *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 55, 544 N.E.2d 920, 924. In addition, enrichment is not considered to be unjust if a party volunteered his or her services and did not expect payment. See *Paugh & Farmer, Inc. v. Menorah Home for Jewish Aged* (1984), 15 Ohio St.3d 44, 46, 15 OBR 142, 144, 472 N.E.2d 704, 706.

Again, there was an agreement in existence relative to payments for the hayrides in 1990. Edward was limited to that agreement and the trial court could not impose a different agreement or award a recovery based upon unjust enrichment for Edward's provision of those services. Additionally, there was absolutely no evidence that Edward expected to be paid for general labor that he performed on the farm prior to April 1991 or for the use of his equipment at any

time. Because there is no evidence of an agreement or of any expectation of payment for general labor prior to April 1991 or for the use of the equipment, the judgment awarding Edward compensation for those items during that period of time was against the manifest weight of the evidence.

We have reviewed appellants' other claims and find nothing to support the $500 per month award prior to April 1991. Appellants' first assignment of error is sustained in part.

### Assignment of Error No. II

"The judgment of the trial court against appellants Barbara Solomon and Hickory Ridge Farms, Inc. is contrary to law as the judgment entry of the trial court contained no finding that there was any agreement between [Edward] and appellants Solomon and Hickory Ridge."

The appellants complain that no finding of fact was expressly stated in the court's journal entry that supports a joint and several judgment against them. They point out that the only agreement cited by the court was an agreement between Edward and Paul. Edward points out that the appellants never requested separate findings of fact or conclusions of law from the court pursuant to Civ.R. 52. Edward's observation is well made.

A party who fails to bring an alleged error to the attention of the trial court at a time when the error may be corrected waives the error on appeal. See *LeFort v. Century 21–Maitland Realty Co.* (1987), 32 Ohio St.3d 121, 123, 512 N.E.2d 640, 643. Civ.R. 52 provided the appellants with a means after entry of the judgment to obtain separate findings of fact and conclusions of law by which we could test the trial court's judgment. Having failed to do so, they cannot be heard to complain that the court did not make the necessary findings.

Nor, as requested by appellants, can we presume from the absence of a specific finding that there can be "no legal basis for any judgment being rendered against [Barbara and Hickory Ridge Farms]." Instead, we are called upon to presume the correctness of the court's judgment as long as there is evidence in the record to support it. *Fletcher v. Fletcher* (1994), 68 Ohio St.3d 464, 468, 628 N.E.2d 1343, 1347. There is evidence in the record from which it can be inferred that, although Paul negotiated the agreements, he did so on behalf of Barbara and Hickory Farms as well as himself.

We overrule appellants' second assignment of error.

### Conclusion

Pursuant to App.R. 12(C), the judgment of the trial court on the complaint is reversed, and judgment hereby rendered. We find that, in addition to fifty

percent of the fair market value of hay produced in 1990, 1991 and 1992, to wit, $2,492.90, Edward is further entitled to $500 per month for the twenty-one-month period of time from April 1991 through December 1992, minus two months in January and February of 1992 when Edward did not work, in the amount of $9,500.

Judgment is entered jointly and severally against Barbara Solomon, Paul Bartrug and Hickory Ridge Farms, Inc. in the amount of $11,992.90 plus costs in the trial court and interest at the statutory rate from April 4, 1995, the date of the trial court's judgment. Costs of this appeal shall be split equally between the appellants collectively and the appellee.

*Judgment accordingly.*

QUILLIN, P.J., and BAIRD, J., concur.