JOURNAL ENTRY OPINION
Defendant Ganley Nissan, Inc. ("Ganley") appeals from the judgment of the trial court which awarded attorney fees to plaintiff Carlos Santoscoy in Santoscoy's action for violation of the Consumer Sales Practices Act. For the reasons set forth below, we reverse and remand for further proceedings.
On October 29, 1995, plaintiff agreed to lease a new 1995 Nissan Sentra XE from Ganley pursuant to a standard Nissan Lease Agreement. The parties agreed that the vehicle would be equipped with the accessory compact disc player depicted in a brochure which Ganley provided to plaintiff. Plaintiff gave Ganley a deposit for the vehicle. Ganley did not provide plaintiff with a dated receipt indicating the amount of the deposit, the description of the goods, the cash price, and other information including whether the deposit was refundable.
Plaintiff further alleged that Ganley later informed him that it could not locate a new vehicle in the color which plaintiff had requested and it proposed to lease plaintiff a 1995 Sentra with approximately 5,000 miles and the compact disc player depicted in the brochure. Plaintiff agreed to this modification at a lower monthly lease amount. He later learned that this vehicle was not equipped with the compact disc player shown in the brochure and the cassette stereo which had been depicted as standard equipment in the brochure was missing from the vehicle. In addition, the terms of the lease for this vehicle were dissimilar from the terms of the standard Nissan Lease Agreement.
Plaintiff alleged numerous violations of the Consumer Sales Practices Act ("CSPA"), R.C. 1345.01 et seq. in connection with the foregoing allegations.
The matter was referred to arbitration. The panel awarded plaintiff $200 for a single violation of the CSPA, and $4,532 for attorney fees. Ganley filed a notice of appeal de novo in which they challenged the amount of the attorney fees. Thereafter, the parties agreed that the issue of fees was to be decided upon briefs. Plaintiff reiterated that it was the prevailing party and that the Supreme Court, in Bittner v. TRI-County Toyota, Inc.
(1991), 58 Ohio St.3d 143, rejected the contention that attorney fee awards rendered pursuant to the CSPA must be proportionate to the settlement or recovery. Plaintiff also submitted an invoice from his attorney which itemized the attorney fees incurred to date.
In opposition, Ganley asserted that the attorney fee award rendered by the arbitration panel was not reasonable as the panel found only one violation of the act, plaintiff suffered no actual damages, and there were no depositions or dispositive motions filed.
On January 5, 1999, the trial court awarded plaintiff attorney fees of $5,127.95 and denied plaintiff's motion for costs. Ganley now appeals and assigns two errors for our review.
Ganley's first assignment of error states:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN AWARDING ATTORNEY FEES TO THE APPELLEE WHERE THE APPELLEE HAS FAILED TO PROVIDE ADMISSIBLE EVIDENCE IN SUPPORT OF HIS MOTION FOR ATTORNEY FEES AND TO SUBSTANTIATE THAT THE ATTORNEY FEES BEING SOUGHT MEET THE CRITERIA SET FORTH IN DR 2-106 (B) OF THE CODE OF PROFESSIONAL RESPONSIBILITY.
Within this assignment of error, Ganley complains that because there was no hearing on the matter of the reasonableness of the attorney fees, there was no "factual substantiation" of plaintiff's claim for attorney fees. Ganley also complains that the invoice appended to plaintiff's motion for attorney fees was not sworn, certified or authenticated and therefore has no evidentiary value.
In State v. Awan (1986), 22 Ohio St.3d 120, 122, the Supreme Court stated:
 "`[A]n appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.'" Quoting State v. Childs (1968), 14 Ohio St.2d 56, paragraph three of the syllabus.
Accord Pawlus v. Bartrug (1996), 109 Ohio App.3d 796, 801 (A party who fails to bring an alleged error to the attention of the trial court at a time when the error may be corrected waives the error on appeal).
In this instance, Ganley agreed that the matter of the reasonableness of the attorney fees would be "decided on briefs." See entry dated August 20, 1998. In addition, Ganley did not challenge the admissibility of the attorney fee invoice below. The claims raised in this assignment of error are therefore waived. The first assignment of error is without merit.
Ganley's second assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION BY AWARDING ATTORNEY FEES IN AN AMOUNT WHICH IS NOT REASONABLE IN RELATION TO THE SUCCESS ACHIEVED BY THE APPELLEE WITH REGARD TO THE CRITERIA FOR EVALUATING ATTORNEY FEES AS SET FORTH IN DR 2-106 (B) OF THE CODE OF PROFESSIONAL RESPONSIBILITY.
Within this assignment of error, Ganley complains that the attorney fee award is not reasonable since it is in excess of the $200 awarded for the underlying violation of the CSPA and the matter involved limited discovery and limited court appearances.
The CSPA "was designed to protect `consumers' from unfair, deceptive, and unconscionable sales practices." Williams v. ITTFinancial Services (June 25, 1997), Hamilton App. Nos. C-960234 
C-960255, unreported. "The Act provides swift, strong, and effective consumer remedies and eliminates monetary incentives for suppliers who engage in such acts or practices through imposition of severe penalties, including awards of treble damages and reasonable attorney fees." Ferjutz v. HabitatWallpaper Blinds, Inc. (July 3, 1996), Cuyahoga App. No. 69495, unreported.
R.C. 1345.09 provides for the award of attorney fees to the prevailing party in an action brought under the CSPA. R.C.1345.09 (F) states:
 "The court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if either of the following apply:
 (2) The supplier has knowingly committed an act or practice that violates this chapter."
The Ohio Supreme Court in Bittner v. TRI-County Toyota, Inc.,supra, addressed the importance of allowing prevailing consumers to recover attorney fees under the CPSA and stated:
 In order for private citizens to obtain redress under the Act, they first must be able to obtain adequate legal representation. * * * In addition to addressing an individual wrong, pursuing a claim under the Act may produce a benefit to the community generally. A judgment for the consumer in such a case may discourage violations of the Act by others. Prohibiting private attorneys from recovering for the time they expend on a consumer protection case undermines both the purpose and deterrent effect of the Act. Id. at 144.
The first step in determining a reasonable fee is to calculate the number of hours reasonably spent on the case multiplied by a reasonable hourly rate. Bittner, supra. The trial court may then modify that calculation by applying the factors listed in DR 2-106 (B). Id. These factors include: the time and labor involved in maintaining the litigation; the novelty and difficulty of the questions involved; the professional skill required to perform the necessary legal services; the attorney's inability to accept other cases; the fee customarily charged; the amount involved and the results obtained; any necessary time limitations; the nature and length of the attorney-client relationship; the experience, reputation, and ability of the attorney; and whether the fee is fixed or contingent. Id.
It is clear that in considering the various factors, "the trial court has the discretion to determine which factors apply, and in what manner that application will affect the initial calculation." Id. at 146; Tanner v. Tom Harrigan ChryslerPlymouth, Inc. (1992), 82 Ohio App.3d 767, 769.
Further, the Bittner court expressly rejected the contention that the amount of attorney fees awarded pursuant to R.C. 1345.09
(F) must bear a direct relationship to the dollar amount of the settlement, between the consumer and the supplier. The court explained:
 In order for private citizens to obtain redress under the Act, they first must be able to obtain adequate legal representation. Private attorneys may be unwilling to accept consumer protection cases if the dollar amount they are permitted to bill their adversary is limited by the dollar amount of the recovery, especially since monetary damages in many instances under the Act are limited to $200. An attorney may expend inordinately large amounts of time and energy pursuing a claim that reaps relatively small monetary benefits for a prevailing plaintiff. We agree with the observation of the United States Supreme Court when it said: "A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious * * * claims but relatively small potential damages to obtain redress from the courts." Riverside v. Rivera (1986), 477 U.S. 561, 578, 106 S.Ct. 2686, 2696, 91 L.Ed.2d 466.
 In addition to addressing an individual wrong, pursuing a claim under the Act may produce a benefit to the community generally. A judgment for the consumer in such a case may discourage violations of the Act by others. Prohibiting private attorneys from recovering for the time they expend on a consumer protection case undermines both the purpose and deterrent effect of the Act.
Nonetheless, when making a fee award, pursuant to R.C. 1345.09
(F), the trial court must state the basis for the fee determination; absent such a statement, it is not possible for an appellate court to conduct a meaningful review. Bittner v.TRI-County Toyota, Inc. supra, at 146.
In applying the foregoing, we reject Ganley's contention that the attorney fees awarded are unreasonable when considered in relation to the award of $200 in compensatory damages. As the Bittner court observed, a rule of proportionality would make it extremely difficult for aggrieved consumers to obtain redress and ignores the fact that the CPSA action may produce a benefit to the community at large. More significantly, the Bittner court noted that determination of the results obtained is not synonymous with the monetary amount of the recovery and the court did not reject out of hand an attorney fee award exceeding $7,600 where the parties ultimately settled the claims before trial.
Nonetheless, in this instance, there is no indication that the trial court considered whether there should be any adjustment in the lodestar amount of attorney fees pursuant to the factors set forth in DR 2-106 (B) and trial court failed to state the basis for its fee determination. Absent such a statement, it is not possible for us to conduct a meaningful review and to determine what factors the court considered or the weight, if any, it placed on those factors.
We are therefore compelled to reverse the attorney fee award and remand the matter to the trial court for disposition consistent with the Supreme Court's instructions in Bittner v.TRI-County Toyota, Inc., supra. Upon remand, the trial court is not required to hold a hearing or consider additional evidence. In addition, the court should not feel compelled to reconsider its fee determination. We merely instruct the trial court to issue an order listing the factors it took into consideration and stating the basis for the fee determination in compliance withBittner, supra.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SPELLACY, J., AND SWEENEY, J., CONCUR
 _________________________ ANN DYKE PRESIDING JUDGE