OPINION
Defendants-appellants J.D. Byrider, and John Pittman, appeal the March 29, 1999 Judgment Entry of the Canton Municipal Court which granted judgment against defendants in the amount of $3,000. Plaintiff-appellee is Barbara A. Simpson.
 STATEMENT OF THE CASE AND FACTS
On May 13, 1998, appellee purchased a 1992 Buick Skylark from appellants for $5,999. Included in the purchase price was a one month/one thousand mile warranty which covered the engine and drive axle. In addition to the standard warranty, appellee purchased an extended warranty for $695 which covered the engine, transmission, front wheel drive, rear wheel drive, and associated parts of those systems. The extended warranty was valid for six months or six thousand miles from the date of purchase. Appellee started experiencing problems with the car two days after the purchase. T. at 4-5. She contacted appellants and appellants sent the car to Brian's Automotive. After an examination, Brian's Automotive determined there was nothing wrong with the car. Appellee testified appellants would not fix the car. Appellee took the car to Bumper 2 Bumper, a car dealership recommended by the finance company. The mechanic at Bumper 2 Bumper explained the car needed new struts "the car had a bad oil leak[,] and there was something missing." T. at 6. Appellants again refused to fix the car. Appellee took the car to yet another repair shop, which confirmed the car had a serious oil leak and a problem with a valve which would eventually cause the car to "blow up." T. at 7. When appellee learned of the serious engine problem, she brought the car back to appellant and asked to trade the car for another on appellants' lot. Appellee testified she was afraid to drive the vehicle for fear it would blow up. T. at 10. Mr. Pittman told appellee "the car ain't worth a $1,000." While appellee was in Mr. Pittman's office, appellants' employee took the license plates off appellee's vehicle. Although Mr. Pittman later testified the removal of the license plates was an honest mistake, appellants kept appellee's vehicle for approximately one week. In a March 29, 1999 Judgment Entry, the trial court granted judgment against appellants in the amount of $3,000. It is from that judgment entry appellant prosecutes this appeal, assigning as error the following:
 I. THE JUDGMENT ENTRY ISSUED BY THE TRIAL COURT SETTING FORTH THE FINDINGS OF FACT AND CONCLUSIONS OF LAW IS INSUFFICIENT TO AFFORD THE APPELLANTS AN OPPORTUNITY TO CHALLENGE THE JUDGMENT OR THE APPELLATE COURT THE ABILITY TO MAKE A DETERMINATION AS TO THE VALIDITY OF THE BASIS OF THE JUDGMENT.
 II. THE JUDGMENT ENTERED BY THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE APPELLEE FAILED TO PROVIDE ANY EVIDENCE OF ACTUAL DAMAGES.
 I
In their first assignment of error, appellants maintain the March 29, 1999 Judgment Entry issued by the trial court was insufficient to afford them an opportunity to challenge the judgment or for this Court to determine the basis of the judgment. Civ. R 52 governs the responsibilities of the trial court in filing any proposed findings of fact and conclusions of law. It states, in relevant part: When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.
When a request for findings of fact and conclusions of law is made, the court, in its discretion, may require any or all of the parties to submit proposed findings of fact and conclusions of law; however, only those findings of fact and conclusions of law made by the court shall form part of the record.
* * *
The purpose of separately stated findings of fact and conclusions of law is to enable a reviewing court to determine the existence of assigned error. If a court's ruling or memorandum opinion, together with other parts of the trial court's record, provides an adequate basis upon which to decide the legal issues presented, there is substantial compliance with Civ.R. 52. In such cases, the failure of the trial court to make findings of fact and conclusions of law constitutes harmless error. Drake Ctr., Inc. v. Ohio Dept. of Human Serv., (1998)125 Ohio App.3d 678; Davis v. Wilkerson (1986), 29 Ohio App.3d 100, 101; In re Fetzer, (1997)118 Ohio App.3d 156, dismissed, appeal not allowed 78 Ohio St.3d 1513. Further, appellants may not complain on appeal the trial court did not make the necessary findings where appellants failed to obtain separate findings of fact and conclusions of law by which appellate court could test trial court's judgment. Pawlus v. Bartrug (Lorain 1996), 109 Ohio App.3d 796, 673 N.E.2d 188. A trial court is not required by statute to announce findings of fact and conclusions of law, and where, as here, appellants failed to make a request for further findings of fact and conclusions of law, we will allow the judgment to stand if the record supports any theory of recovery. In the matter sub judice, we find the record supports a judgment in favor appellee on a theory of breach of warranty. While we agree the trial court's findings of fact and conclusions of law are incomplete, we find the trial court's judgment is supported by the record. Appellee testified she purchased a warranty which covered engine problems, that she experienced engine problems, and at the date of trial, those problems remained uncorrected. Appellee testified she first learned of these problems after visiting Bumper 2 Bumper on June 25, 1998 and advised appellants of the difficulties shortly thereafter. Because the testimony established the difficulties were covered by the extended warranty and yet appellants failed to repair the vehicle under said warranty, we find the trial court's decision is consistent with a breach of warranty. For these reasons, appellants' first assignment of error is overruled.
 II
In their second assignment of error, appellants contend the trial court's judgment is against the manifest weight of the evidence because appellee failed to provide any evidence of actual damages. We disagree. We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279
. Appellee testified the sticker price of the car was $5,999. Appellee presented the trial court with a copy of the retail installment contract and security agreement showing the total sales price, after finance charges was $9,272.20. Appellee also testified Mr. Pittman told her the car was not worth $1,000 in its damaged condition. We find there was sufficient, competent, credible evidence upon which the trial court could base its decision the value of the unrepaired vehicle was $1,000. Had the vehicle been repaired pursuant to the warranty agreement, we find the difference in value was at least $3,000. Because the rules governing the presentation of evidence in a small claims court are relaxed, we find appellee met her burden of establishing the value of the car. Appellee had engine problems within two months of purchasing the car. While a car normally depreciates, appellants failed to correct the engine problems while the car was under warranty. Therefore, it was reasonable for the trial court to value the car, if it had been repaired pursuant to the warranty, at or near the purchase price (at least $5,999). It was also reasonable to assess the value of the car without the repair in accordance with Mr. Pittman's statement the car was not worth $1,000. Accordingly, we see no error in the trial court's decision to award damages in the amount of $3,000. Because we find competent, credible evidence upon which the trial court based its decision, appellants' second assignment of error is overruled.
The March 29, 1999 Judgment Entry of the Canton Municipal Court is affirmed.
By: HOFFMAN, J. GWIN, P.J. and FARMER, J. concur