This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Fairlawn Landscape Supply, appeals from the judgment in the Akron Municipal Court dismissing its claim and granting judgment in favor of Appellee, Mary Ann Cook. We affirm.
Appellee hired Appellant to deliver topsoil to her home, which Appellant was to deliver in two separate loads. Appellant delivered the first load of topsoil and Appellee promptly paid for it. However, when Appellant delivered the second load of topsoil, Appellee discovered that the soil contained glass. After her discovery, Appellee refused to pay Appellant for the second load of topsoil.
On October 10, 2000, Appellant filed a complaint against Appellee seeking monetary relief for Appellee's failure to pay for the second load of topsoil. In response, Appellee filed a counterclaim against Appellant and a third-party complaint against Raymond Zazo, owner of Fairlawn Landscape Supply. On February 15, 2001, a magistrate dismissed Appellant's claim and Appellee's third-party claim, but granted Appellee's counterclaim. Appellant promptly objected to the magistrate's decision. The trial court overruled Appellant's objections, adopted the findings of the magistrate, and determined that Appellee was entitled to judgment. Appellant timely appealed.
Appellant essentially argues that the trial court erred as follows: (1) improperly admitting photographs of the glass fragments; (2) failing to re-schedule the hearing sua sponte since Appellant was unable to properly prepare its defense or subpoena various witnesses, such as Grass Master, Inc.; (3) failing to state its findings of fact and conclusions of law; (4) determining damages on insufficient evidence; and (5) finding an agreement existed between Appellant and Appellee. Appellant's arguments lack merit. We will address, in turn, each of Appellant's arguments.
 1. Admission of the photographs
A party challenging the admission of evidence must timely object and state the specific grounds for the objection in order to preserve the error for appeal. Evid.R. 103(A)(1). Failure to timely object waives the opportunity for appellate review of any issue not preserved. State v.Self (1990), 56 Ohio St.3d 73, 81; State v. Heilman (Sept. 21, 1994), Medina App. No. 2312-M, unreported, at 3.
In this case, Appellant's challenge to the admission of the photographs was waived because it was not raised in the trial court pursuant to a timely objection. The record clearly indicates that Appellant failed to object to Appellee's photographs when presented to the court. As a result, Appellant did not preserve this issue for appellate review. Accordingly, Appellant's assignment of error is overruled.
 2. Failure to re-schedule hearing sua sponte
After a careful review of the record, it is evident that the trial court was not obligated to re-schedule the hearing sua sponte. See Samsv. Carlson (Nov. 6, 1998), Hamilton App. No. C-971068, unreported, 1998 Ohio App. LEXIS 5287, at *4-5 (declaring that magistrate was not required to sua sponte re-schedule hearing when appellant failed to communicate his predicament). Appellant's actions did not inherently raise questions concerning its ability to properly prepare a defense or subpoena witnesses. Specifically, Appellant did not move to re-schedule the hearing nor did it attempt to communicate to the trial court its need for more time to prepare a defense or subpoena witnesses. We therefore find that the trial court was not required to re-schedule the hearing suasponte. Appellant's assignment of error is overruled.
 3. Failure to state findings of fact and conclusions of law
Initially, we note that a trial court is not required to issue findings of fact and conclusions of law unless a party requests the court to do so. See Civ.R. 52. Civ.R. 52 states that a "judgment may be general for the prevailing party unless one of the parties in writing requests otherwise[.]" In the present case, neither party filed a request for findings of fact and conclusions of law pursuant to Civ.R. 52. The failure to file a timely request for findings of fact and conclusions of law waives the right to challenge the trial court's lack of an explicit finding regarding an issue. See Pawlus v. Bartrug (1996),109 Ohio App.3d 796, 801. Consequently, Appellant's failure to timely request findings of fact and conclusions of law results in waiver of this error. Therefore, Appellant's assignment of error must fail.
 Sufficiency of evidence regarding damages
"Sufficiency of evidence" is a term of art that tests whether, as a matter of law, the evidence presented at trial is legally sufficient to sustain a verdict. See, e.g., State v. Thompkins (1997), 78 Ohio St.3d 380,386. An appellate court must not disturb a damage award if it is supported by competent, credible evidence. Arrow Concrete Co. v.Sheppard (1994), 96 Ohio App.3d 747, 750. In reviewing a damage award, an appellate court must not reweigh or assess the credibility of the evidence. Malick Investments v. R. Russell Associates, Inc. (Sept. 26, 2001), Summit App. No. 20452, unreported, at 4, citing State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Where damages are established, the evidence need only tend to show the basis for the computation of damages to a fair degree of probability. Brewer v.Brothers (1992), 82 Ohio App.3d 148, 154.
In the instant case, the trial court awarded judgment to Appellee in the amount of $988.73 to cover her costs to remove the topsoil containing the glass. The trial court determined the award based on the receipt Appellee presented evidencing the amount she paid for removal. Appellant did not provide any evidence refuting Appellee's receipt, nor did Appellant object to Appellee's evidence. Thus, the trial court's damages award was supported by competent, credible evidence. Appellant's assignment of error lacks merit.
 Determination that agreement existed
For the first time on appeal, Appellant averred that an agreement did not exist as between Appellant and Appellee. In order to preserve an error for review, the party must timely raise the error during the proceedings below. LeFort v. Century 21-Maitland Realty Co. (1987),32 Ohio St.3d 121, 123. In light of Appellant's failure to raise this error in the trial court, this error is waived. Accordingly, Appellant's assignment of error is overruled.
Appellant's assignments of error are overruled. The judgment of the Akron Municipal Court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BAIRD, P.J., WHITMORE, J. CONCUR.