OPINION
{¶ 1} In these two consolidated cases, we are asked to determine the scope of the Mahoning County Probate Court's authority to reduce the compensation a trustee has earned in the administration of a trust. This probate court has promulgated Loc.R. 74.1, which gives it the power to reduce that compensation without a hearing whenever it determines that such action is "appropriate to correct a disparity or injustice." The probate court then used this Rule to reduce the compensation that Appellant, Bank One Trust Company, NA, earned as trustee for two trusts, those of John and Dorothy Ford. Bank One argues that the probate court erred when using this local rule to reduce the compensation they earned as trustees. We agree.
 {¶ 2} Loc.R. 74.1 is nothing more than an attempt by the Mahoning County Probate Court to increase its power beyond that authorized by statute or rule. Sup.R. 74(E) generally governs the award of trustee compensation and provides that, in the absence of a delinquency in the filing of an inventory or account, the trial court cannot reduce a trustee's compensation without a hearing to determine whether the trustee faithfully discharged the duties of the office. Loc.R. 74.1 does not require a hearing and allows the probate court to reduce fees for much broader reasons.
 {¶ 3} Such a practice would enable a probate court to arbitrarily deny a trustee justly earned compensation based on nothing more than whim or animosity. It would allow the probate court to ignore the limits placed upon it by the Ohio Legislature via statute and the Ohio Supreme Court via rule which states that a probate court can only reduce or deny a trustee's compensation for the reasons stated in Sup.R. 74(E). The probate court abused its discretion when it reduced Bank One's compensation without a hearing. Accordingly, this case is remanded so the probate court can either grant the requested fees, or hold a hearing to determine whether Bank One faithfully discharged the duties of its office.
 Facts {¶ 4} The Last Wills and Testaments of John and Dorothy Ford established testamentary trusts for their daughter, Amy Weden. Dorothy's trust was established in 1964 and John's was established in 1969. Those trusts each named a bank as the trustee and Bank One is the successor to the trustee named in those wills.
 {¶ 5} The trust documents state the amount of fees Bank One is entitled to as the trustee. On March 11, 2004, Bank One applied for authority to pay its trustee's fees from the two trusts. In order to do so, Bank One filed eight separate applications to cover the fees due from Dorothy's trust for each successive year between May 1, 1995, and April 30, 2003. It also filed six separate applications to cover the fees due from John's trust for each successive year between February 1, 1997, and January 31, 2003. The probate court granted the fourteen separate applications for trustee's fees without holding a hearing. However, it reduced the requested fees by one-third in each of the fourteen judgment entries. The probate court did not explain why it reduced the amount of fees.
 {¶ 6} Bank One timely appealed the trial court's fourteen judgment entries and we consolidated the appeals from each of the two trusts into a single appeal.
 Reduction of Trustee Compensation {¶ 7} In these appeals, Bank One argues the following two assignments of error addressing the same basic questions of law and fact:
 {¶ 8} "The Probate Court abused its discretion in arbitrarily reducing the fiduciary fees awarded in the eight entries approving trustees fees entered by the court in connection with the Dorothy Ford Testamentary Trust."
 {¶ 9} "The Probate Court abused its discretion in arbitrarily reducing the fiduciary fees awarded in the six entries approving trustees fees entered by the court in connection with the John W. Ford Testamentary Trust."
 {¶ 10} Bank One argues that the probate court can only reduce a trustee's compensation if it finds that the trustee engaged in some kind of wrongdoing affecting the trust. Bank One contends there are no allegations or evidence of any wrongdoing in these cases. Bank One further argues that the probate court's entry is deficient since it does not state a basis for reducing the requested compensation. Thus, Bank One asks us to either grant the requested compensation or remand the matter to the probate court to determine appropriate compensation.
 {¶ 11} Initially, we note that no appellee's brief was filed in either of these appeals. Accordingly, we may "accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C). We conclude that the record in this case reasonably supports Bank One's statement of the facts and issues in this case and accept them as correct.
 {¶ 12} However, the fact that no appellee has filed a brief does not excuse Bank One from requesting that the probate court issue findings of fact and conclusions of law. In these cases, the probate court's judgment entries do not say why it reduced the requested trustee's fees, making it more difficult to determine whether the probate court erred in any particular way. Bank One could have clarified the issues by requesting findings of fact and conclusions of law in accordance with Civ.R. 52. The purpose of Civ.R. 52 "is to enable a reviewing court to determine the existence of assigned error." Creggin Group, Ltd. v. Crown DiversifiedIndustries Corp. (1996), 113 Ohio App.3d 853, 859. Because Bank One did not request findings of fact and conclusions of law, we must presume the correctness of the court's judgment as long as there is evidence in the record to support it. Pawlus v. Bartrug (1996), 109 Ohio App.3d 796,801.
 {¶ 13} As a general rule, a probate court has discretion whether to reduce or deny a trustee compensation and that its decision will only be reversed if the probate court abuses that discretion. Natl. City Bank v.Beyer, 89 Ohio St.3d 152, 159, 2000-Ohio-0126. The phrase "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Although a probate court's discretion is broad, it is not unfettered. When a probate court is exercising its discretion, it must do so within the bounds provided by Sup.R. 74(E). That Rule provides:
 {¶ 14} "The court may deny or reduce compensation if there is a delinquency in the filing of an inventory or account, or after hearing, the court finds the trustee has not faithfully discharged the duties of the office."
 {¶ 15} In these cases, the record clearly demonstrates that the procedure the probate court employed did not comport with Sup.R. 74(E). Sup.R. 74(E) gives the probate court the authority to reduce fees in two situations: 1) if there is a delinquency in the filing of an inventory or account or 2) if the trustee has not faithfully discharged the duties of the office. The probate court can reduce the trustee's fees for a delinquency in an account or inventory without a hearing, but Sup.R. 74(E) requires a hearing before the probate court can reduce the fees for any other reason.
 {¶ 16} Bank One was not delinquent in filing any account or inventory in these cases at the time it requested compensation, therefore the probate court had to hold a hearing before it could reduce Bank One's compensation. The probate court did not hold such a hearing. Thus, it did not have the authority to reduce Bank One's compensation under Sup.R. 74(E).
 Loc.R. 74.1 {¶ 17} Even though Sup.R. 74(E) does not give the probate court the authority to reduce a trustee's compensation without a hearing when the trustee is not delinquent in filing an account or inventory, the local rules promulgated by the Mahoning County Probate Court purport to give it this power. Loc.R. 74.1 gives the probate court the general authority to reduce or deny a trustee's compensation for a variety of reasons, some of which could apply in this case.[1] However, this local rule is inconsistent with rules promulgated by the Ohio Supreme Court and is unenforceable to the extent of that inconsistency.
 {¶ 18} Loc.R. 74.1 provides:
 {¶ 19} "(A) If, in the application of any provision of a Rule of Superintendence, a Local Rule of this Court or in the consideration of any other matter the Court deems necessary to set the trustee's compensation, a disparity or injustice results to any person(s), the Court may review the same upon its own motion, or upon the motion or exception of any interested party, and grant such relief as it finds appropriate.
 {¶ 20} "(B) Except for good cause shown, trustee's compensation may be denied or reduced whenever the trustee is delinquent in any matter required by law, these Rules or as may otherwise be required by the Court. Such delinquencies may include, without limitation, the failure to file timely inventories, accounts, beneficiaries' listings and guardian's or estate status reports; the failure to pay and maintain current court costs, appraiser's fees, bond premiums, court reporter's fees and/or any other expense which may be taxed as a cost of administration; the failure to fully and timely comply with any duty prescribed by law, any provision of the Rules of Superintendence, the Local Rules of this Court or the Court's Entries and/or Orders under any case or proceeding."
 {¶ 21} Thus, Loc.R. 74.1(A) gives the probate court the power to grant any relief it finds appropriate upon its own motion if it determines that a disparity or injustice will result to any person whenever it is setting a trustee's compensation. Loc.R. 74.1(B) gives the probate court the power to reduce or deny trustee's compensation whenever the trustee fails to comply with a statute, a rule promulgated by the Ohio Supreme Court, the probate court's local rules, or the probate court's orders.
 {¶ 22} Loc.R. 74.1 gives the probate court vastly more power than is authorized by Sup.R. 74(E). For instance, Loc.R. 74.1(A) gives the probate court the power to grant whatever relief it finds appropriate to correct a disparity or injustice when determining trustee compensation. This is a very different basis for "granting relief" than that authorized by Sup.R. 74(E). Sup.R. 74(E) only allows the probate court to reduce a trustee's compensation when the trustee's performance is in some way deficient. In contrast, Loc.R. 74.1(A) allows the probate court to reduce a trustee's compensation for reasons completely unrelated to the quality or quantity of the trustee's performance.
 {¶ 23} Loc.R. 74.1 also eliminates procedural safeguards against unfettered judicial power. For example, Loc.R. 74.1(B) allows the probate court to reduce a trustee's compensation for, among other things, not fully and timely complying with the probate court's entries and orders. Of course, the failure to follow a court order is contempt punishable by the procedures set forth in R.C. Chapter 2705. R.C. 2705.02(A). Yet Loc.R. 74.1(B) does not require that the probate court follow those procedures before reducing a trustee's compensation for failing to follow a court order. Similarly, neither Loc.R. 74.1(A) or (B) require that the probate court ever hold a hearing prior to taking action under those Rules. This is in stark contrast to Sup.R. 74(E) which requires a hearing before a probate court can lower fees except in cases where there is a delinquency in the filing of an inventory or account.
 {¶ 24} Loc.R. 74.1 is clearly inconsistent with Sup.R. 74(E) and other laws governing the probate court's power. Sections 5(A)(1) and (B), Article IV, of the Ohio Constitution give the Ohio Supreme Court general superintendence and oversight over all courts in Ohio and empower the Supreme Court to promulgate all court rules of practice and procedure. Courts "may adopt additional rules concerning local practice in their respective courts which are not inconsistent with the rules promulgated by the supreme court." Section 5(B) of the Ohio Constitution; see also Sup.R. 5(A)(1) (Prohibiting local courts from adopting rules "inconsistent with rules promulgated by the Supreme Court."); Sup.R. 75 (A probate court's local rules are "intended to supplement" the rules promulgated by the Ohio Supreme Court.). Thus, local rules are only enforceable to the extent that they are consistent with the rules promulgated by the Ohio Supreme Court. Vance v. Roedersheimer,64 Ohio St.3d 552, 554, 1992-Ohio-0024.
 {¶ 25} The probate court cannot rely on Loc.R. 74.1, which blatantly ignores the limits placed upon the probate court's power, to reduce Bank One's compensation. The probate court clearly erred by reducing that compensation without following the rules promulgated by the Ohio Supreme Court. The probate court's actions must be consistent with the statutes passed by the Ohio legislature and the rules promulgated by the Ohio Supreme Court. Under the guise of Loc.R. 74.1, the probate court takes actions inconsistent to those statutes and rules. This local rule is unenforceable to the extent of that inconsistency.
 {¶ 26} In these cases, the probate court abused its discretion by reducing Bank One's compensation by one-third without holding a hearing as required by Sup.R. 74(E). Accordingly, its decision is reversed and this matter is remanded so the probate court can either grant the requested fees, or hold a hearing to determine whether Bank One faithfully discharged the duties of its office.
Donofrio, P.J., concurs.
Vukovich, J., concurs.
[1] Loc.R. 74.2(D) also gives the probate court the authority to reduce a trustee's compensation "to compensate for any disparity or injustice." But by its own terms, that rule only applies to fees requested pursuant to the schedule in Loc.R. 74.2. The fees in this case were requested in accordance with the trust document, not the schedule in Loc.R. 74.2, and were significantly less than the amount specified in that schedule. Accordingly, that local rule does not apply in this case.