DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Pickaway County Common Pleas Court judgment that resolved various claims of The Righter Company, Inc. (Righter), plaintiff below and appellant herein, against the Pickaway County Board of County Commissioners (Commissioners) defendants below and appellees herein.
 {¶ 2} Appellant assigns the following errors for review and determination:[2]
FIRST ASSIGNMENT OF ERROR:
"THE COURT UTILIZED THE IMPROPER ANALYSIS IN AWARDING SUMMARY JUDGMENT."
SECOND ASSIGNMENT OF ERROR:
"THE COURT IMPROPERLY AWARDED SUMMARY JUDGMENT BASED ON AN ISSUE THAT WAS NOT IN DISPUTE, IRRELEVANT TO THE PAYMENT CONTROVERSY BETWEEN THE PARTIES, AND NOT DISPOSITIVE IN ADDRESSING THE PIER T-JOINT REPAIR WORK ISSUE."
THIRD ASSIGNMENT OF ERROR:
"THE COURT IMPROPERLY AWARDED SUMMARY JUDGMENT DESPITE THE EXISTENCE OF DISPUTED MATERIAL FACTS."
 {¶ 3} In March, 2002, the Commissioners opened competitive bidding on a rehabilitation project for the "Era Road Bridge." Companies interested in the project submitted bids based on a unit price, which was then multiplied by the estimated number of units for a total price. Righter, the lowest bidder, entered into a contract to provide the following labor and materials:

 Item No. Description Quantity Unit Price
 511 Class S Concrete 4.00 C.Y. $100.00
 519 Patching Concrete 98.00 S.F. $300.00

The contract's addendum provided the following mechanism for conflict resolution:
"5. DISPUTE RESOLUTION. All claims or disputes arising out of this Contract or the breach of it, which cannot be disposed of by negotiation and agreement between the parties shall be decided by the Pickaway County Engineer, who shall reduce his decision to writing and furnish a copy thereof to the Contractor and the Board.
The decision of the Engineer shall be final and conclusive unless, within ten (10) days from the receipt of such copy, the aggrieved party submits a written appeal addressed to the county, c/o Prosecuting Attorney, 118 East Main Street, Circleville, Ohio 43113. The decision ofthe prosecuting attorney for the determination of such appeals shall befinal and conclusive unless determined by the Court of competentjurisdiction to have been fraudulent, capricious, arbitrary, so grosslyerroneous as to necessarily imply bad faith or not supported by anysubstantial evidence.
In connection with any appeal proceeding under this clause, the Contractor shall be afforded an opportunity to be heard and offer evidence in support of its appeal. * * *" (Emphasis added.)
 {¶ 4} During construction, some concern arose concerning the amount of work required for abutment walls. The Commissioners asked Righter to submit a proposal for abutment wall replacement, but did not enter into a new contract or amend the existing contract. Righter continued to perform concrete patch work. That November, a dispute arose concerning payment for work on "pier joints" and the abutment backwall. Righter submitted the dispute to the County Engineer, as prescribed in the dispute resolution provision, but received, in their view, an unsatisfactory response. Righter then took the matter to the County Prosecutor and once again, received, in their view, an unsatisfactory decision.
 {¶ 5} Subsequently, Righter filed the instant action and alleged, inter alia, that (1) the Prosecutor's decision was arbitrary and capricious; (2) the Commissioners breached the construction contract; (3) the Commissioners owed Righter monies on account; and (4) the Commissioners received unjust enrichment. Righter asked for $151,698 in compensatory damages, quantum meruit damages in the same amount, and a determination that the prosecutor's decision was arbitrary, capricious, null and void. Appellees denied liability.
 {¶ 6} Appellees requested summary judgment and asserted that the construction contract provided a dispute resolution mechanism, and that the mechanism had been carried out to its conclusion with the Prosecutor denying Righter's claims. The sole issue, appellees contended, was whether the Prosecutor's decision was fraudulent, capricious, arbitrary, and so grossly erroneous as to imply bad faith or was not supported by substantial evidence. Appellees also submitted a former Ohio Department of Transportation employee's testimony that, they argued, supported the Prosecutor's decision.
 {¶ 7} Righter's memorandum contra argued that genuine issues of material fact existed with respect to payment owed for concrete patching work on the pier joints and on the abutment backwall. Specifically, Righter claimed that it was entitled to compensation for work under one provision of the contract (519), but the Commissioners decided to pay pursuant another contract provision (511) which contained a lower unit price.[3] Determining which provision applied, Righter concluded, is a genuine issue of material fact. The company also argued that the Prosecutor's decision was arbitrary, capricious and unsupported by the evidence. In support of their argument, Righter submitted various evidentiary materials including Eugene Long's deposition which, they asserted, established that the Prosecutor had no guidelines for the appeal procedure.
 {¶ 8} The trial court granted appellee's motion in part. The court reasoned that the payment claim for "pier joint" repairs was covered in the original contract (the dispute resolution provision in Section Five of the addendum to that contract). After reviewing the evidentiary materials, the court concluded that it could not find that the Prosecutor's decision to deny Righter's claim was arbitrary or capricious. Consequently, the court determined that appellees were entitled to judgment as a matter of law with respect to payment for the pier joints. As to the abutment wall, however, the court determined that this was work performed outside the contract and was not subject to the contract's payment provisions or the dispute resolution provision. Thus, because genuine issues of material fact remained with regard to compensation for the abutment wall work, it denied summary judgment in that respect.
 {¶ 9} The abutment backwall payment issue subsequently came on for jury trial and the jury awarded Righter $40,500 in compensatory damages.[4] The trial court issued a judgment that awarded that sum with interest. This appeal followed.
 {¶ 10} Before we address the merits of the assignments of error, we first must address a threshold jurisdictional issue. Ohio appellate courts have jurisdiction to review the final orders of inferior courts within their district. Section 3(B)(2), Article IV of the Ohio Constitution; R.C. 2501.02. A final, appealable order is one which affects a substantial right and determines action. R.C. 2505.02(B)(1). An order determines the action when it disposes of all issues in the case and leaves nothing for further adjudication. Oak Hill Firefighters Assn.v. Oak Hill, Jackson App. No. 01CA16, 2002-Ohio-4514, at ¶ 13; Legg v.Fuchs (Nov. 11, 2000), Cuyahoga App. No. 76406; Twinsburg v. BuckyArnes, Inc. (Sep. 17, 1980), Summit App. No. 9677. If a judgment is not final and appealable, an appellate court does not have jurisdiction to review the judgment and the appeal must be dismissed. Mtge. ElectronicRegistrations Sys. v. Mullins, 161 Ohio App.3d 12, 829 N.E.2d 326,2005-Ohio-2303, at ¶ 17; Prod. Credit Assn. v. Hedges (1993), 87 Ohio App.3d 207, 210, 621 N.E.2d 1360 at fn. 2; Kouns v. Pemberton (1992), 84 Ohio App.3d 499, 501, 617 N.E.2d 701.
 {¶ 11} Righter's complaint includes six counts or claims for relief. The first count alleged that the Commissioners owed Righter for work completed on the pier joints and the abutment backwall. This count was resolved by the August 4, 2004 summary judgment and the March 15, 2005 judgment that memorialized the jury verdict.
 {¶ 12} Count three sought recovery for unjust enrichment. While this count was not formally resolved or disposed of, the judgments issued on the contract rendered it moot. See e.g., General Accident Ins. CO. v.Insurance Co. of America (1989), 44 Ohio St.3d 17, 21, 540 N.E.2d 266;Wise v. Gursky (1981), 66 Ohio St.2d 241, 421 N.E.2d 150, at the syllabus.[5]
 {¶ 13} Counts five and six alleged that the Prosecutor erred in rendering an arbitrary and capricious decision. These counts were also resolved by the summary judgment and the jury verdict.
 {¶ 14} The problem in this case concerns Righter's second count that alleges that the Commissioners owe "$37,998.777" [sic] for work performed "over and above payment for patching work" set out in count one. This issue is separate and distinct from the pier joints and abutment backwall and was not resolved in the August 4, 2004 summary judgment or the March 15, 2005 jury verdict entry. Moreover, our review of the court file and the original papers does not reveal that this particular claim was resolved in any judgment or filing by Righter (i.e., a dismissal of that count). In other words, this issue remains pending. Consequently, the judgment is not final or appealable and we do not, at this time, have jurisdiction to review the judgment.
 {¶ 15} Accordingly based upon the foregoing reasons we hereby dismiss the instant appeal.[6]
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellees recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, J. Klatt,* J.: Concur in Judgment Opinion.
[2] Righter's brief does not include a statement of the assignments of error as required by App.R. 16(A)(3). We take the assignments of error from the brief's table of contents.
[3] Item No. 511 carried a unit price of $100 and Item No. 519 carried a unit price of $300.
[4] Righter's complaint did not break down the full amount of compensatory damages that it sought into payment for work done on the pier joints and payment for work on the abutment backwall. In its February 28, 2005 trial brief, however, Righter alleges that it was "owed $40,500 for the abutment backwall repair work." Thus, the jury's verdict was apparently for the full amount of this particular part of its claim.
[5] Unjust enrichment is an equitable doctrine that does not apply if an express agreement exists concerning the services for which compensation is sought. Pawlus v. Bartrug (1996), 109 Ohio App.3d 796,800, 673 N.E.2d 188; Lightbody v. Rust, Cuyahoga App. No. 80927, 2003-Ohio-3937, at ¶ 44.
[6] A Civ.R. 54(B) "no just reason for delay" certification would not have cured this defect because count two of the complaint is simply a component part of Righter's breach of contract claim, not a separate claim in and of itself.
* Judge William Andrew Klatt, judge from the Tenth Appellate District, sitting by assignment of the Ohio Supreme Court in the Fourth Appellate District.